## YOST *v.* DEVAULT.

No subsequent adoption of real estate as a homestead, by a party who has agreed to sell and convey the same, can affect the validity of the undertaking, or release the party from his obligation.

Where in an action to enforce the specific performance of a contract to convey real estate, the respondent pleaded, among other pleas, the following. "That it is impossible for him to convey the premises described in the complainant's petition, because the said premises *are* held by him (he being the head of a family, and having a wife living), as a homestead; that his wife refuses to execute a deed to the premises; that respondent *now* claims the same as a homestead; and that the wife of respondent, has filed her claim to the said premises as a homestead, in the recorder's office of Polk county. And having answered, he asks judgment for costs," to which plea, the complainant filed a demurrer, and also a replication in denial, which demurrer was overruled, and the cause dismissed;   1. *Held*, That the plea was insufficient, for the reason that it contained no averment, that the property named in the bond, was the homestead *at the time* the bond was executed;   2. That the replication raised an issue of fact which should have been heard; and that the order dismissing the suit was erroneous.

### *Appeal from the Polk District Court.*

BILL in chancery, seeking to enforce specific performance of a contract for the conveyance of real estate.   Respondent in bar of plaintiff's right to recover, sets up the following, among other defences.   He " avers and alleges, that is impossible for him to convey the premises described in plaintiff's petition, because the said premises *are* held by

him (he being the head of a family, and having a wife living), as a homestead; that his wife refuses to execute a deed to the premises aforesaid; and that defendant *now* claims the same as a homestead; that the wife of defendant has filed her claim as a homestead to the said premises, in the recorder's office of Polk county, and having answered, asks judgment for costs." To this portion of the defence, complainant filed a demurrer, and also a replication in denial. The demurrer was overruled, and the cause dismissed. Plaintiff appeals.

*Jewett & Hall,* for the appellant.

*C. Bates,* for the appellee.

WRIGHT, C. J.—The order dismissing the suit was clearly erroneous. The replication denied the matters contained in the plea, and an issue of fact was thus formed which should have been heard. But we also think that the court erred in overruling the demurrer. The Code provides that a conveyance of the homestead, is of no validity unless the husband and wife concur in, and sign the same, and this homestead is required to embrace *the house used as a home.* Secs. 1247, 1250. Assuming for the purpose of this case, that a bond by the husband, for the conveyance of the homestead, upon certain conditions, could not be enforced, if resisted, on the ground, that it included or contemplated the disposition of such homestead, still this plea makes no such defence. It contains no averment that the property named in the bond, was the homestead *at the time* it was executed. For anything that is shown by the pleadings, this property did not become the homestead, until long after this contract was made. If not the homestead at the time of the agreement to convey, no subsequent adoption of it as such, could affect the validity of the respondent's undertaking, or release him from his obligation. Without examining the other errors assigned, we conclude that for those referred to, the judgment must be reversed.