Davis, Moody & Co. v. Kelley.

---

DAVIS, MOODY & CO. v. KELLEY *et al.*

1. HOMESTEAD: POSSESSION. The general rule is, that to entitle a party to the homestead exemption he must actually occupy and be in possession of the premises as a home; but premises do not lose their homestead character when left for a merely temporary purpose.

2. SAME: ABANDONMENT. Where, however, there has been a clear and actual abandonment of the premises, they stand like any other property, and may be encumbered by a like instrument.

3. EVIDENCE OF ABANDONMENT. Stronger and clearer proof of an intention to abandon the homestead should be adduced when the lien set up is claimed to have attached during its actual occupancy, than when it was created at a time when the parties were not in actual visible possession.

*Appeal from Blackhawk District Court.*

_ THURSDAY, APRIL 9.

KELLEY owned a house and lot in the town of Waterloo. He purchased it in 1856, and resided therein with his family, until in the summer of 1858. He then left it and removed to his farm some twelve miles distant. In March, 1860, he removed from his farm to Dubuque, for his wife's health and to go into business, with no definite idea when he should return. In June of the same year, he returned to Waterloo, and in September moved into the premises which he formerly occupied. During his absence they had been rented, and after his return he could not sooner obtain possession. After his removal to the farm, Kelley executed a mortgage upon his town property to complainants, his wife not joining therein. This bill was filed in September, 1859, to foreclose the mortgage, and the defense relied upon is that the mortgaged premises constituted respondent's homestead at the time of the execution of the mortgage; and that as the wife did not join therein, it is invalid. From the respondent's testimony (and he was the only witness offered for the defense), it appears that he and his wife had always claimed the mortgaged premises as their homestead, and regarded them as such when the mortgage was executed. The homestead thus claimed was never marked out or platted and recorded by the parties. A decree was entered for the amount of complainants' debt, but refusing to foreclose the mortgage upon the ground that it constituted the homestead of respondents, and as the wife did not join in the mortgage, it was invalid. Complainants appeal.

*W. H. Curtis* for the appellants, cited *Charless & Blow* v. *Lamberson*, 1 Iowa, 435; *Rhodes, Pegram & Co.* v. *McCormick*, 4 Id., 368.

*S. W. Rawson* for the appellees.

WRIGHT, J.— The general rule is, that to entitle a party to the homestead exemption, he must actually occupy and be in possession of the premises as a home. And under the Statute, a deduction from this general rule is, that if the husband executes a mortgage upon premises not thus actually used and occupied, it is good as against him, whereas, if it was upon that which constituted the homestead, it would be invalid as to both, if the wife did not join therein. But when the general rule is thus stated, it is not to be understood that the property loses its homestead character, if left for a mere temporary purpose. For this is in no just sense an abandonment of it. Under such circumstances the occupation, in legal contemplation, is not regarded as less actual than if the premises had not been left. If, however, there has been an actual and clear abandonment of the premises, then they stand like any other property, and may be incumbered by a like instrument.

And it may be remarked that stronger and clearer proof of an intention to abandon and relinquish the homestead should be adduced when the lien set up is claimed to have attached during its actual occupancy, than where it arises or is created at a time when the parties are not in actual, visible possession. Not that in either case a mere temporary absence, not designed as an abandonment, would defeat the exception, but what is meant is that the intention to relinquish should be stronger in the one case than the other. And this for the reason, that where there is no actual visible possession the rights of the creditor intervene, under circumstances which may justify the conclusion that the premises do not constitute the homestead, and therefore, to prevent fraud, the intention to relinquish need not be so conclusively shown. When, however, the lien claimed originated when there was actual possession, the intention arises *after* intervening rights have attached, and by no fair reasoning can it be said that there was fraud or a chance for it at

the time of entering into the contract. And therefore, while loose and indefinite proof will not be sufficient in the case of a prior apparent abandonment, it by no means follows that the interim shall appear beyond all reasonable ground of dispute. In such a case the creditor has certain rights, he in good faith may rightfully be governed by the condition of things as he finds them. For if there was at the time of taking his mortgage an abandonment, his rights then intervene and a subsequent change of intention and resumption of the possession cannot avail to defeat the lien.

In view of these principles, and others to be hereafter stated, it seems to us that the court below erred in refusing to recognize the validity of complainant's mortgage as against the husband. It is indisputably true that at the time of its execution the premises were not "used as a home." The husband had left the premises and removed with his family to his farm. He had not gone there for pleasure, nor to accomplish mere temporary business purposes, but to make it his home. True, he swears that at the time he regarded the premises mortgaged as his homestead. But this is not the test.

The question is, whether he did not by his act abandon the old and acquire a new homestead. If so the former right was thereby terminated, for he could have but one homestead at the same time. It is not as though he had left in search of another home, which he never acquired. For he was at the time settled upon his farm, and this to him then had all the essential legal attributes of a homestead, his search was at an end. He had removed from his former residence, and gained a new home or homestead, and it seems to us that such circumstances clearly prove an intention to abandon and relinquish the old one; such intention may exist when a new homestead is not gained, and when a new settlement has been made, when other premises are used and occupied by the family as their home, the

intention to abandon the former homestead is quite clearly and conclusively established. In the absence of some explanatory circumstances, we think the creditor could equitably and justly conclude that there had been a change and that the exemption no longer attached to the premises formerly occupied. *Yost* v. *Devault*, 3 Iowa, 345; *Kurz* v. *Brusch*, 13 Iowa, 371.

Reversed.