## DUNTON v. WOODBURY.

1. **Homestead: ABANDONMENT.** Stronger and clearer proof of the abandonment of a homestead is required where the lien sought to be enforced arose during actual occupancy, than where it arose when the party claiming the exemption was not in the actual possession. *Davis, Moody & Co.* v. *Kelley*, 14 Iowa, 523.

2. —— **LENGTH OF ABSENCE: CASE DISTINGUISHED.** While the length of absence from the homestead is not conclusive of its abandonment, yet, where there are no circumstances or acts of the party manifesting an intention to return and occupy it as such, the length of absence becomes an important fact in determining that question. The case of *Fyffe* v. *Beers* (18 Iowa, 4), distinguished from the present one.

3. —— **FACTS HELD SUFFICIENT TO SHOW ABANDONMENT.** Absence from the homestead for about three years without there being manifested, by any circumstances, an intention to return; repeated offers to sell or trade it during that time, and the expression of an intention not to return to it; the creation of the debt sought to be enforced during such absence, and the giving of an order to the creditor authorizing him to collect of the tenant, to whom the homestead was rented, sufficient rent to satisfy it,— were held sufficient to show an abandonment, and to render the place claimed as a homestead liable to the creditor's claim.

### *Appeal from Marshall District Court.*

### TUESDAY, JANUARY 28.

SUIT in equity to enjoin the sale of an alleged homestead under execution. The plaintiff was formerly the wife of one Printz, and while she was so, and on the 13th of May, 1857, she acquired the title to a house and lot in Marshalltown — the property in controversy. The plaintiff, with her husband, Printz, and their children, lived upon the property as their homestead, for about two years after the purchase. They then rented the property in controversy, and moved to Indiantown in Tama county, and remained there for some time, but precisely how long

Dunton v. Woodbury.

is not shown; they then rented and moved upon a farm in Marshall county, some eight or ten miles from Marshalltown. Shortly after their removal to the farm, the then husband of plaintiff died, leaving three children (boys), who continued to live with plaintiff on the same farm. On the 16th of February, 1861, and while the plaintiff was living on the said farm, she executed to the defendant, Woodbury, a promissory note for fifty-five dollars and thirty-two cents. The consideration of the note was the relinquishment of a claim against the estate of her deceased husband for that amount for necessaries furnished the family in his life-time. See *Lawrence* v. *Sinnamon* (present term). Upon the same paper with the note was this agreement: " I hereby agree that G. M. Woodbury shall have the rent of my house in Marshall, and authorize him to collect the same to the amount of the above note and interest, with the exception of the taxes, which are first to be paid out of said rent. Marshall, February 16, 1861."

In February, 1862, the plaintiff moved back to Marshalltown and took possession of the property, and has continued to reside therein with her children ever since, and with her second husband, Solomon Dunton, since the summer of 1862.

There were two payments made upon the note in 1861, and one in 1864; and in April, 1865, suit was brought on the note before a justice of the peace, and judgment recovered upon a contested trial, for twenty-nine dollars and twelve cents, beside costs. A transcript of this judgment was filed in the clerk's office of the District Court of Marshall county, and execution issued thereon.

This suit was brought against the sheriff and Woodbury, to enjoin the levy and sale of the property in controversy, thereunder. It is the only property liable to execution, which the plaintiff owns.

The District Court rendered a decree for plaintiff perpetually enjoining defendants from levying upon or selling said property for the satisfaction of said judgment, and for costs of suit. The defendants appeal.

*Boardman & Brown* for the appellants.

*L. W. Griswold* for the appellee.

COLE, J.— The sole question presented in this case is as to the abandonment of the homestead. That the 1. HOMESTEAD: property in controversy was once the homeabandonment. stead of plaintiff is not denied. That the indebtedness for the payment of which it is sought to be subjected was contracted while the plaintiff was not in actual possession of the property, is also admitted. It has been held by this court that it requires stronger and clearer proof of abandonment when the lien set up is claimed to have attached during actual occupancy, than where it arises when the party claiming the exemption was not in actual possession. *Davis, Moody & Co.* v. *Kelley*, 14 Iowa, 523.

The plaintiff left the property, rented it to tenants and was out of the actual occupation of it for about 2. —— length three years. During this time she had no of absence: case distin- item of personal property upon the premises, guished. nor is she shown to have been upon them in person, or exercised any care thereof. In these particulars the case is different from *Fyffe* v. *Beers*, 18 Iowa, 4. While the length of the time of absence from a homestead is not conclusive upon the question of abandonment, yet, where there are no circumstances or acts of the party, manifesting a purpose to return and occupy it as a homestead, the length of time becomes an important fact in determining the question of intention to return.

It is proved by two witnesses beside the defendant Woodbury, that the plaintiff made efforts to trade or sell the property, and expressed her purpose not to return and occupy it, giving as a reason therefor that Marshalltown was not a good place to raise her boys, and that she desired and intended to live and keep them on a farm. It is, however, probable that a desire, though often expressed, to sell or trade the property, would not be, of itself, proof of an abandonment. Nor would the expression of a purpose not to return to the occupation of the property, made in the course of a negotiation for its sale, be conclusive evidence of abandonment.

But in this case there are facts sufficient to render the property liable to the payment of the defendant's claim. These facts may be briefly stated as follows:

3. —— facts held sufficient to show abandonment.

The absence from the homestead for about three years, without there being manifested, by a single circumstance or act, any purpose to return and occupy it again as a homestead. The repeated offers to sell or trade the property for a farm, and the frequent expression of her purpose not to return to the property — one of these being made to the defendant Woodbury at the time he took the note which became the basis of the judgment and execution thereon sought to be enjoined by this action. The giving of the agreement to defendant Woodbury, authorizing him to collect the rent sufficient to pay the note, thereby indicating that defendant might look to this property for the payment of his claim. These facts, when taken in connection with the further one, that the debt was created while the plaintiff was not in the actual possession of the property, make such a case as, in our opinion, renders the property liable to the execution.

Whether these facts would make it liable, if the debt

had been contracted while plaintiff was in the actual occupancy of her homestead, we need not now determine.

Reversed.