REYNOLDS v. HULL *et al.*

Homestead: IN DIFFERENT TRACTS. While a tract of land not connected with the dwelling may be held as a homestead, it must to this end appear that " they are habitually and in good faith *used as a part of the same homestead."* The mere fact that the owner used, worked and occupied the land is not sufficient.

*Appeal from Jackson Circuit Court.*

MONDAY, APRIL 28.

ACTION FOR PARTITION. Mary A. Rodman, one of the defendants, is the widow, and the plaintiff and the other defendants are the heirs at law of B. F. Hull, deceased, who died intestate in the year 1859, seized of certain real estate in Jackson county, consisting of a lot of one and one-quarter acres, on which was situated his dwelling-house ; and also of a farm of 120 acres situated about a mile therefrom, and a timber lot about the same distance in another direction. This action is brought to partition said real estate. The defendant, Mary A. Rodman, answers, claiming the lot on which the dwelling is situated and also thirty-nine acres of the farm in addition as a homestead, in lieu of her dower.

Upon the issues joined, the cause was tried to the court, who made special findings of law and fact, of which the following is all that is material in this appeal: " That said B. F. Hull in his life-time, and the said Mary A. Rodman, since his decease, have used and occupied the one and one-quarter acres upon which the dwelling-house, etc., used as a homestead, is situated. And the court finds her entitled thereto as a homestead, and

finds that she is not entitled to thirty-nine acres in addition, out of the farm as a homestead as is asked by her. And the court finds as a matter of fact, that the deceased, during his life-time, and the said Mary A. Rodman with her minor children, since his decease, have used, worked and occupied all of said premises, and that said land is about three-quarters of one mile distant from the dwelling-house on said one and one-quarter acres."

To that portion of the finding that she is not entitled to the thirty-nine acres in addition, as a part of her homestead, the defendant, Mary A. Rodman, duly excepted, and she appeals.

*B. F. Thomas* and *Graham & Cady* for the appellant.

*Charles M. Dunbar* for the appellees.

COLE, J. — Our statute enacts (Revision, § 2282), "the homestead must embrace the house used as a home by the owner thereof, and if he has two or more houses thus used by him at different times and places, he may select which he will retain as his homestead."

" Sec. 2283. It may contain one or more lots or tracts of land with the buildings thereon and other appurtenances, subject to the limitations contained in the next section, but must in no case embrace different lots and tracts unless they are contiguous, or unless they are habitually and in good faith used as a part of the same homestead."

Two tracts of land, situated as those in controversy, may, under these sections, be held as one homestead, if " they are habitually and in good faith *used as a part of the same homestead.*" But the fact, as found by the court, that the deceased used, worked and occupied all of said premises is not sufficient. It was necessary in order to support the appellant's claim, that the court should have found that it was " used as a part of the same homestead." The mere fact that he used, worked and occupied the land does not necessarily establish that he used it as a part of his homestead. He may never have so intended it, or so treated or recognized it.     Affirmed.