## KIMBALL v. WILSON.

1. **Homestead:** ABANDONMENT OF: FACTS CONSTITUTING. Where a person had a homestead in the country, but left the same and, with his family, moved to town to engage in the practice of law, intending to reside permanently in town if he succeeded in his practice, otherwise to return to his country home, *held* that these facts showed an intention to abandon the homestead, qualified only by a contingency which the owner intended to avoid, and that the removal from the homestead, with such an intention constituted an abandonment in the contemplation of the law.

2. **Practice in Supreme Court:** DEFECTIVE ABSTRACT OF EVIDENCE: PRESUMPTION IN FAVOR OF TRIAL COURT. Defendant insisted that plaintiff's claim to the land in question was defeated by the return on a certain execution which the abstract says was introduced in evidence, but which does not appear in the abstract of evidence before this court. Said execution and return, however, defendant says, appear in the abstract as an exhibit to his answer. *Held* that the exhibit to the answer, though not denied by plaintiff, could not be accepted as evidence, and that, it not appearing to this court what is contained in the return referred to, it must be presumed that it contained nothing inconsistent with the judgment rendered by the trial court.

*Appeal from Warren Circuit Court.*

FRIDAY, OCTOBER 20.

ACTION to quiet title to part of the NW. $\frac{1}{4}$ of the SW. $\frac{1}{4}$ of section 26, township 74, range 25, west. The plaintiff avers that he is the owner of the same by virtue of an execution sale and sheriff's deed. The defendant, W. M. Wilson, avers that he is the owner by purchase and conveyance from one N. E. Wilson. There was a decree for the plaintiff. The defendant appeals.

*Todhunter & Hartman* and *W. M. Wilson,* for appellant.

*H. W. Maxwell* and *A. L. Kimball,* for appellee.

ADAMS, J.—Both parties claim through N. E. Wilson. The execution sale to the plaintiff was made upon a judgment

against N. E. Wilson, rendered by a justice of the peace, but a transcript of which was filed in the Circuit Court before the debtor sold and conveyed the land to the defendant. It follows that the plaintiff's title must prevail, unless the fact is as the defendant claims, that the premises at the time of the execution sale were exempt from execution. It is undisputed that, from a time prior to the rendition of the judgment until after the executon sale, the premises constituted the execution debtor's homestead. The plaintiff insists, however, that the premises were not exempt for the reason that the debt upon which the execution sale was made was contracted prior to the time when the homestead character attached. The fact appears to be that the debt was for a part of the purchase money. The plaintiff's position, then, must be sustained, unless there was a partial exemption by reason of the fact that the premises were purchased in part with the proceeds of a former homestead. The defendant contends that they were. We come then to the determination of this question of fact. It is

1. HOME-STEAD: abandonment of: facts constituting. shown clearly enough that the premises were purchased in part with the proceeds of a farm of forty acres, which was at one time the execution debtor's homestead, and was such at the time of its sale, unless at that time it had been abandoned as a homestead. The farm is in Warren county, and was occupied by the debtor and his family until May, 1873, when he and his family moved to Indianola, the county seat of Warren county, where he entered upon the practice of law. The sale of the farm was effected about a month later. The removal constituted an abandonment unless it was designed to be temporary. As to what the design was, we have the testimony of the debtor himself. He says: " I came to town to follow my profession as a lawyer, and made an engagement with H. McNeil. I do not think that I arrived at any conclusion as to whether I would return to the farm or not. I intended to go back to the farm if I could not make a living here." From this it is abundantly evident that his purpose was to reside in town

and pursue his profession permanently if he was able to make a living by it. We find then, an intention to abandon qualified by a contingency. But the contingency was one which the debtor intended to avoid. The removal with such intention, we think, constituted an abandonment.

The new homestead, then, being liable for the plaintiff's debt, the judgment thereon became a lien from the time the transcript was filed in the Circuit Court. *Hale v. Heaslip*, 16 Iowa, 451; *Bills v. Mason*, 42 Iowa, 330; *Phelps v. Finn*, 45 Iowa, 447. The defendant took his conveyance after such lien attached. He took it then subject to a lien. He could protect himself only by redeeming. But his right to redeem expired in a year from the time of the execution sale. The plaintiff's title then became absolute.

One question remains to be considered. The defendant contends that there is a defect in the plaintiff's proof. He says that the sheriff's return upon execution shows a sale of land in the SE. $\frac{1}{4}$ of section 25, instead of in the SW. $\frac{1}{4}$, in which is the land in question. To this we have to say that we are unable to discover from the evidence what the return shows. The abstract does not purport to contain a copy of the return as introduced in evidence. It contains a mere statement that there was introduced in evidence, "Execution and return, Exhibit C, being execution on judgment of *Hilliard v. N. E. Wilson*." Now it may be that the return shows what the defendant claims it does, but we are not allowed to take his statement for it. We must presume that it sustained the decision.

2. PRACTICE in supreme court: defective abstract of evidence: presumption in favor of trial court.

In this connection we ought, perhaps, to say that we find in the abstract what purports to be a copy of the return showing what the defendant claims it does. But this appears to be a mere copy attached to an amendment to the defendant's answer. Such copy is not evidence.

It is true that the return fails to show a sale of the land in dispute, and in support of the averment sets out what the

defendant claims is a copy of the return, and the amendment does not appear to be replied to.  We do not think, however, that the averment can be considered as admitted.  The plaintiff had averred in his petition  that the land in question was sold to him upon execution.   This was sufficient without denying that it was not sold.   The defendant should simply have taken issue upon the plaintiff's averment.  He could not, by an averment as to what the return shows and what it does not show, make a reply necessary.   In our opinion, the decree of the Circuit Court must be

AFFIRMED.