# NEWMAN, TRUSTEE, v. FRANKLIN ET AL.

1. **Homestead:** EXECUTION SALE OF WITH OTHER LAND WITHOUT PLATTING: EFFECT. The failure of the owner of the homestead and of the sheriff to select and plat it does not render an execution sale of it void, but only voidable.

2. ———: ABANDONMENT: INTENTION TO RETURN: BURDEN OF PROOF. Where one claims a homestead in land which he has ceased to occupy, he has the burden, as against intervening claimants, to prove an intention on his part to return and reoccupy it.

3. ———: MORTGAGE: FORECLOSURE: SALE: ABANDONMENT: INNOCENT PURCHASER. P. mortgaged land, including his homestead. The mortgage was foreclosed and the land sold while P. yet resided upon it; but he ceased to reside upon it before the year for redemption had expired, and when the sheriff's deed was made the purchaser at once took possession thereunder, and he afterwards conveyed it to defendant, who, in the absence of any contrary showing, must be presumed to be a purchaser for value, and in good faith, without notice. About five years afterwards this action was begun by P.'s trustee to set aside the foreclosure sale, because the homestead had not first been selected and platted. *Held* that, as to the defendant, P. must be deemed to have abandoned whatever rights he had in the homestead by reason of the failure to select and plat it.

*Appeal from Plymouth District Court.*

SATURDAY, JUNE 19.

THERE was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*Amos & Alline* and *Rickel & Bull*, for appellant.

*Argo, Kelly & Augir*, for appellees.

SEEVERS, J.—The petition states that on the first day of April, 1876, David and Margaret Phillips were the owners of the real estate in controversy, consisting of eighty acres; that they were husband and wife, resided on said land, and occupied the same as their homestead from the time above stated up to and long after the eighth day of December, 1879; "that during said time their occupancy was uninterrupted," and that they, "during said time, did not abandon their said homestead, or any of their rights thereto;" that about April 1, 1876, they executed a mortgage on the premises in controversy to the defendant Davenport, to secure an indebtedness due him. In October, 1879, the mortgage was foreclosed, and an execution issued on the decree; and, after offering said premises for sale in forty-acre tracts, the whole tract was sold together to the defendant Davenport. The said David and Margaret Phillips were at that time residing on the land in controversy as their homestead; and their homestead at the time of said sale had not been selected, platted or recorded by them, and the sheriff who made the sale failed to do so. On the twenty-first day of December, 1880, the sheriff conveyed the premises to said Davenport, who then entered into the actual possession thereof, and he or his grantees have been in possession of said premises since that time, and have received the rents and profits of said real estate. In March, 1884, Davenport conveyed the premises in controversy to the defendant Franklin. It is stated in the

petition that the plaintiff, as trustee for David and Margaret Phillips, is the owner of said real estate. The relief asked is that the sale and conveyance to Davenport be set aside; that an accounting be had of the rents and profits, and, when ascertained, the same be applied in the payment of the mortgage; and that the plaintiff be permitted to redeem by paying whatever amount is found to be due on the mortgage, after the application of the rents and profits to that purpose. The defendants filed a demurrer to the petition, which the court sustained, and in so doing the appellant contends that the court erred.

I. It is insisted by the appellant that this case is squarely within the rule established in *White v. Rowley*, 46 Iowa, 680; *Owens v. Hart*, 62 Id., 620; and *Goodrich v. Brown*, 63 Id., 247,—for the reason that, as it appears that Phillips did not select his homestead, and as the sheriff failed to do so, the sale and conveyance to Davenport are absolutely void; or, if this be not so, the same is voidable; and that he has a right to pay off and satisfy the mortgage upon the terms asked. On the other hand, the appellees contend, with equal earnestness, that this case comes within the rule established in *Burmeister v. Dewey*, 27 Iowa, 468; *Eggers v. Redwood*, 50 Id., 289; *Brumbaugh v. Shoemaker*, 51 Id., 148. That there is an apparent conflict in these cases may be conceded, but we think there is not in fact any real conflict as to the question actually determined. The only conflict, we think, is *dictum*. We deem it unnecessary, in this case, to take the time required to state at length our reasons, because there is a point made by the appellee which we think is decisive of this case.

II. To our minds it is quite clear that the failure of the owner of the homestead and the sheriff to select and designate the homestead does not render the sale void. The statute must, we think, be regarded as directory. *Cavender v. Heirs of Smith*, 1 Iowa, 306. The power to sell was conferred by

1. HOMESTEAD: execution sale of with other land without platting: effect.

Newman, Trustee, v. Franklin et al.

the judgment and execution, and this power is not taken away, or in any manner affected, by sections 1998 and 1999 of the Code. It will be conceded, however, that said sections may have an effect on the manner in which the sale shall be conducted, so as to render it voidable, and the sale in question will be conceded to be so.

It is insisted by the appellees that David and Margaret Phillips abandoned their homestead, and therefore the plaintiff is not entitled to the relief demanded. That the plaintiff has succeeded to all the rights of Phillips will be conceded; but, clearly, he has no better rights. It does not clearly appear when Phillips abandoned his homestead, but it must have been prior to the twenty-first day of December, 1880; for on that day Davenport had actual possession of the real estate in controversy. This being so, he was in possession of the homestead, and he and his grantees have been in possession ever since. Phillips must have voluntarily surrendered such possession. At least the burden was on the plaintiff to show that he did not, and, if the intention to return existed, the plaintiff should have so averred and proved on the trial. In the absence of such averment, it must be assumed that Phillips did not have any such intention when he left or abandoned his homestead. Whether there has been an abandonment of a homestead is a question of fact, and no general rule in relation thereto can be established; but it is no doubt true, we think, that an actual removal, with no intention to return, would amount to a forfeiture of the right as against purchasers and creditors, even when a new homestead has not been gained.

2. ——: abandonment: intention to return: burden of proof.

3. ——: mortgage: foreclosure: sale: abandonment: innocent purchaser.

Thomp. Homest. & Ex., § 265; *Fyffe v. Beers*, 18 Iowa, 4. While the length of a person's absence may not be conclusive proof of his intention to abandon his homestead, yet, where such absence has continued for some years, and there is no circumstance or act which shows an intention to return and occupy the homestead, the length of the absence may become

a controling circumstance. *Dunton v. Woodbury*, 24 Iowa, 74.

Conceding that the commencement of this action should be regarded as evincing an intent on the part of Phillips to return and occupy the homestead, nearly five years had elapsed from the time he left, and Davenport had entered into possession thereof, and in the mean time the real estate had been conveyed to the defendant Franklin, who should be presumed to be a purchaser for value, and in good faith, without notice, in the absence of any showing to the contrary.

For the reasons stated, we think that the homestead was abandoned by Phillips, and that the plaintiff is not entitled to the relief demanded.

AFFIRMED.