BOOT v. BREWSTER *et al.*

1. **Homestead:** ABANDONMENT: EVIDENCE. Defendant obtained a judgment against plaintiff, while the latter was occupying certain property as a homestead. Plaintiff afterwards went away, taking his family with him, for the purpose, as he testified, of earning a living for himself and family, and with the continuing intention of returning. Some furniture was left in the house, and never removed by him. The premises were so rented that the lessee was a tenant at will. Plaintiff, at least once, named a price which he would take for the property. Defendant had the premises sold on execution to satisfy his judgment. In an action to set aside the sale, *held* that defendant had the burden to show that the homestead had been abandoned; and that the long duration of plaintiff's absence, while entitled to consideration, was not sufficient, under the circumstances, to establish that fact.

2. ———— : TOWN PROPERTY : EXTENT : VALUE : EVIDENCE. In an action to set aside the unlawful execution sale of a homestead situated within a town plat, in which it appeared that it consisted of one acre of ground, *held* that the plaintiff had the burden to show that its value did not exceed five hundred dollars, in order to avoid the sale of the excess over one-half acre (Code, sec. 1996); but that his own testimony that he offered to take four hundred and fifty dollars for it was sufficient, in the absence of all other evidence as to its value.

3. **New Trial:** NEWLY-DISCOVERED EVIDENCE : SHOWING OF DILIGENCE. A new trial on the ground of newly-discovered evidence should not be granted upon a mere general showing that the affiant was unable to find or procure the evidence prior to the trial. There should be a showing of facts constituting diligence.

*Appeal from Pottawattamie Circuit Court.*

FILED, MARCH 6, 1888.

ACTION in equity to set aside the sale on execution of certain real estate, on the ground that the same was the homestead of the plaintiff. The relief asked was granted, and the defendants appeal.

Boot v. Brewster.

*Wright, Baldwin & Haldane,* for appellant.

*Stone & Sims,* for appellee.

SEEVERS, C. J.—I. It clearly appears from the evidence that the plaintiff obtained title to the premises in controversy in 1880, and that he occupied the same as his homestead in November of that year, and so continued to occupy the same for the space of about three years thereafter. The defendant Brewster obtained, in 1882, a judgment against the plaintiff on an indebtedness contracted after the acquisition of the homestead. The material question, therefore, is whether there has been an abandonment of such homestead. The plaintiff and his family left the premises in controversy, and resided for a time at Carson, and at Kansas City, from which he returned to Carson. He did not acquire another homestead, but occupied rented property. While at Carson and Kansas City, he was engaged in business as a clerk, or some other capacity, in the employ of other persons. It clearly appears that he left his homestead for business purposes, and for the purpose of obtaining a support for himself and family. When he left the homestead, he left therein some household and kitchen furniture, which has remained in the house, or at least has never been removed by the plaintiff. Such homestead has been rented and occupied by others, but it was so rented that the lessee thereof was a tenant at will. At least one person made application to the plaintiff to purchase the property, and the plaintiff named a price he would take for it. The plaintiff testified that he left the homestead for a temporary purpose, and always intended to return. While such evidence of an intention to return cannot be regarded as conclusive, yet it is admissible, and entitled to consideration ; and when it appears, as it does in this case, that the homestead was left for the purpose of obtaining a support for the family, it seems to us that an intent to abandon permanently the homestead should not be inferred, but rather an intent to return should be, as such intent must, it

1. HOMESTEAD : abandonment: evidence:

Boot v. Brewster.

seems to us, always exist when the removal when made was for a temporary business purpose. If a person cannot obtain a living and occupy his homestead, for the time being, at least, he must of necessity temporarily abandon it, and such abandonment should not be regarded as permanent. A homestead, when acquired, will be presumed to continue until the contrary appears ; the burden in this respect being on the general creditor ( *First Nat. Bk. of Davenport v. Baker*, 57 Iowa, 197 ; *Bradshaw v. Hurst*, 57 Iowa, 745 ), and the defendants, as we think, have failed to establish such fact. The length of time the plaintiff has been absent from the homestead is entitled to consideration, but is not conclusive. *Dunton v. Woodbury*, 24 Iowa, 74. And yet this is practically the only circumstance relied on by the defendants, for, if the absence had been only for a few months, it is clear to our minds that the required abandonment could not be regarded as established. On the other hand, there is the fact that no homestead has been acquired, and that it was left for a temporary business purpose, as is indicated by the fact that furniture was left in the house, which has never been removed. Besides this, the judgment under which the defendant claims was obtained during the time the premises were occupied as a homestead, and it has been held in that case that proof of an intent to abandon the homestead should be clearer and more satisfactory than when the lien relied on was obtained after the homestead had ceased to be actually occupied as such. *Davis v. Kelley*, 14 Iowa, 523. No two cases are exactly alike, and no general rule can be established, but we think the facts in this case bring it within the rule established in *Fyffe v. Beers*, 18 Iowa, 14, and *Shirland v. Union Nat. Bk of Massilon*, 65 Iowa, 96.

II. The evidence tends to show that the homestead is within a town plat, and consists of one acre of land ; and therefore it is insisted that, as to the excess of over one-half an acre, it cannot be exempt, for the reason that it is limited by section 1996 of the Code to that quantity,

2. —— : town property : extent : value: evidence.

unless the value is less than five hundred dollars. And it is contended that the burden is on the plaintiff to show such value, which we think is true. It is further contended that he has failed to establish such fact; but we think it sufficiently appears that the value of the homestead is less than five hundred dollars, for the reason that when the plaintiff was asked what he would sell it for, he said four hundred and fifty dollars. In the absence of any other evidence, this, under the circumstances, sufficiently establishes such value.

III. The defendants filed a motion for a new trial on the ground of newly-discovered evidence, which we think was properly overruled, for the reason that it does not sufficiently appear that the evidence could not have been obtained at the trial if due and proper diligence had been exercised. The affidavit on which a new trial was asked fails to state what, if any, diligence was used. It simply states, in substance, that the affiant was unable to find or procure the evidence prior to the trial. This is clearly insufficient. The efforts made in this direction, at least to some extent, should be stated.

