JAMES W. ROBINSON AND MARGARET J. ROBINSON, Appellants, v. C. A. CHARLETON.

**Homestead:** ABANDONMENT. The formation of a purpose by the owner of a homestead to sell the land and invest the proceeds in another home, does not operate as an abandonment of the homestead, under code, section 2000, permitting the owner to do so, and also entitling him to a reasonable time within which to accomplish such object.

RULE APPLIED. In an action to set aside a sheriff's sale on the ground that the land sold was a homestead and exempt, the evidence showed that plaintiff purchased the land in 1887, and occupied it as a home until December 10, 1890, when he moved to another place to educate his children, intending to return to the homestead, which intention he retained until the death of his son, in September, 1893. Thereafter, he thought it desirable to sell the homestead and invest the proceeds in another home, though it is doubtful whether this conclusion was reached before or after the sheriff's sale, December 29, 1893. *Held,* that under Code, section 2000, plaintiff was entitled to a reasonable time, after concluding to sell the homestead, to accomplish it, and that in this case such reasonable time had not elapsed, and the sheriff's sale was void.

SAME. That the owner of a farm, which has been occupied as a homestead, talked about exchanging the farm, or said he was not built for farming, or told what he considered the land worth, does · not of itself show a purpose to abandon the homestead.

SAME.   The mere fact that the owner of a homestead, who is tem-
porarily absent therefrom; with the intention of returning, votes
at the place where he temporarily resides, is not of itself conclu-
sive of an intention to abandon the homestead, though it is strong
evidence of abandonment.

BURDEN OF PROOF.  The burden of showing the abandonment of a
homestead after the homestead character has once been estab-
lished, rests upon one who seeks to subject the land to a judg-
ment in his favor, and where the debt for which the judgment is
rendered is contracted while the land was occupied as a home-
stead, so that no credit was extended on the, faith of its being sub-
ject to the payment of debts, the evidence of abandonment should
be more satisfactory.

*Appeal from Pocahontas District Court.*—HON. W. B.
QUARTON, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION to set aside sheriff's sale and deed on the
ground that the land sold contained a homestead exempt
to the judgment debtor.   Relief denied, and plaintiffs
appeal.—*Reversed.*

*J. A. O. Yeoman, R. M. Wright,* and *S. H. Kerr*
for appellants.

No appearance for appellee.

LADD, J.—Execution was issued November 25, 1893,
on a judgment for twenty-two dollars and sixty cents,
with costs and interest, against James W. Robinson,
and levied on eighty acres of land in Pocahontas county.
This land was sold as an entirety for fifty dollars and
five cents, December 29, 1893, and a sheriff's deed exe-
cuted therefor a year later to Charleton, the judgment
plaintiff.   There was a mortgage which, with interest
and taxes, amounted to nearly eight hundred dollars,
constituting a prior lien.   At the time of the sale the
land was worth twenty-seven dollars and fifty cents per

acre. Robinson did not learn of the levy and sale till several days after the execution of the sheriff's deed. This action is brought to set aside the sale and deed because the land sold contained the homestead of the plaintiffs, which was not in any way platted or set apart to them. The defendant answered that the plaintiffs had abandoned their homestead interest in the land. Other issues are raised by the pleadings, but, owing to the view we take of the case, need not be considered. Robinson purchased the land in 1887, and occupied it, with his family, as a home, from April, 1888, till December 10, 1890. The homestead character of the land having been thus established, the burden of proof was on the defendant to show its abandonment. *Bank v. Baker,* 57 Iowa, 197; *Bradshaw v. Hurst,* 57 Iowa, 745; *Boot v. Brewster,* 75 Iowa, 631. And, as the debt was contracted while the land was occupied as a homestead, more satisfactory evidence of its abandonment is required than if credit had been extended on the faith that it was subject to the payment of debts. *Davis v. Kelley,* 14 Iowa, 523. The period of absence is important, but not conclusive. *Dunton v. Woodbury,* 24 Iowa, 74. The evidence shows that the plaintiffs moved to Humboldt for the purpose of educating their children, and intended, as soon as this was accomplished, to return to the farm. The stock was sold, but the implements were retained for some time, and finally disposed of because nothing could be obtained for their use. A harrow, corn cultivator, and plow were kept and the last repaired in the summer of 1893, with a view of using it the following spring. Robinson repeatedly refused to sell or exchange the land, giving as a reason that he expected to move on it again. He declined to rent it for more than one year, because he expected to return. The family arranged to do so in the spring of 1894, when the

son was to perform the farm work, and Robinson continue in his employment as traveling salesman. No other home was purchased. Both Robinson and his wife testify to their intention of moving back to the farm, and that this was their abiding purpose from the time they went to Humboldt, in 1890, to the date of their son's death, in September, 1893, is fully established by the evidence. The testimony of alleged statements and admissions either relate to a time subsequent to the sale, or else is discredited or overcome by the weight of evidence. That Robinson talked about exchange of property with those proposing a trade, or said he was not built for farming, or stated what he considered the land worth, if true, does not establish his purpose of abandoning it, when considered in the light of the surrounding circumstances. He voted in Humboldt in 1891 and this is a very strong circumstance tending to show a permanent change of residence. He explains it, however, by saying he supposed one might vote "where he resided temporarily and got his washing done." This erroneous impression is quite common, and we cannot regard the mere fact of voting in a precinct other than that of the homestead conclusive of an intention to abandon it. The point was not decided in *Painter v. Steffen*, 87 Iowa, 171, and was not regarded controlling in *Conway v. Nichols\** (Iowa) (71 N. W. Rep. 183). While, as a general rule, a man will be·presumed to reside where he exercises the right of suffrage, this is subject to such explanations as will show the real intention of the party in removing from the former residence, whether *animo revertendi*. See *Dennis v. Bank*, 19 Neb. 675 (28 N. W. Rep. 512). After the son's death Mrs. Robinson went to the eastern part of the state, where she remained over two months, and not until her return was the purpose of moving

---

*Decided May 14, 1897, and held out on rehearing.—Reporter.

back to this land ever questioned in the family. It was then thought desirable to have a home near Humboldt, though the evidence leaves it in doubt whether this conclusinon was reached before or after the sale under the execution. The purpose was to sell, and invest the proceeds in another home; and they not only had the right to do this, but were entitled to a reasonable time within which to accomplish their object. Code, section 2000; *Benham v. Chamberlain,* 39 Iowa, 358; *Cowgell v. Warrington,* 66 Iowa, 666; *Mann v. Corrington,* 93 Iowa, 109; *Schuttloffel v. Collins,* 98 Iowa, 576. What will be a reasonable time must depend on the facts of each particular case. If it be conceded that Robinson had concluded to sell and buy another home, the time to which he was entitled, in order to do so, had not elapsed. When the sale occurred, the land included the homestead of the plaintiffs, and must be adjudged void; *Linscott v. Lamart,* 46 Iowa, 312; *Goodrich v. Brown,* 63 Iowa, 247; *Visek v. Doolittle,* 69 Iowa, 602; and, being void, the intention of the plaintiffs thereafter is not material.—REVERSED.