PATRICK MAGUIRE v. J. W. HANSON, Sheriff, *et al.*, Appellants.

**Homesteads:** ABANDONMENT: *Pleading.* Plaintiff, occupying a dwelling house with his wife, which they had moved from their homestead to their son's land sixteen months previously, sued to enjoin a sale of their land under execution, and alleged that they moved because they needed their son's care, "by reason of their age, sickness and infirmities," and that the removal was temporary and without any intent to permanently separate the house from the land, or of abandoning their homestead or homestead rights. *Held*, that the petition was insufficient, as it failed to show a definite purpose to resume their residence on the land.

SAME   It is not sufficient that a homestead claimant is supported by cultivation and use of the property claimed as a homestead. The actual occupation of the premises as a home for the owner and his family is required, except in a few exceptional cases of temporary absence.

SAME. A removal of the dwelling house from a homestead for a temporary cause, with the intention on the part of the owner to replace it on the land and resume his residence therein, does not pevent an abandonment of his homestead right in the land, where he subsequently abandons such original intention.

SAME. The fact that the dwelling house, after removal from land previously used as a homestead, remains exempt as a homestead does not continue the homestead character of the land from which it has been removed.

**Evidence.** The removal of a dwelling house from land and its occupation as a home in its new location are *prima facie* evidence of abandonment and plaintiff who asserts homestead rights, must rebut this presumption which arises from these facts.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

SATURDAY, APRIL 9, 1898.

ACTION in equity to restrain the sale under execution of land alleged to be a homestead. A demurrer to

the petition was overruled, and, the defendants having refused to plead further, a decree was rendered in favor of the plaintiff. The defendants appeal.—*Reversed.*

*T. F. McCue* for appellants.

*Soper, Allen & Morling* for appellee.

ROBINSON, J.—The facts alleged in the petition, and admitted by the demurrer, are as follows: In April, 1873, a judgment was rendered by the district court of Allamakee county against the plaintiff, and in favor of the defendant C. H. McCormick & Bro., which is unpaid. At the time the indebtedness on account of which the judgment was rendered was contracted, the plaintiff owned six hundred and forty acres of land in Allamakee county, upon which his dwelling house was situated. He afterwards disposed of that land, and, with the proceeds thereof, purchased two hundred acres of land in the same county, and occupied a part thereof as his homestead. It is alleged that the price of that property was paid from the proceeds of his former homestead. In the year 1885 he disposed of the second homestead, and, with the price received, purchased an eighty-acre tract of land in Palo Alto county, and erected upon one-half of it a dwelling house, which he and his wife thereafter occupied as a homestead for a period of nearly ten years. In October, 1894, the dwelling house was moved onto land owned by a son of the plaintiff. The reason for the removal of the house was that the plaintiff and his wife, "by reason of their age, sickness, and infirmities," required the care and assistance of their son; but it is alleged that the "removal was only temporary, and for the purposes aforesaid, and not with any intention of permanently separating the said house from the said land, and with no intention

whatever of abandoning their said homestead rights in said property, but that they still use, and are supported from the proceeds of the use and cultivation of, the said homestead forty acres." The defendant Hanson, as sheriff, levied an execution, issued by virtue of the judgment described, on the forty acres of land from which the dwelling house was removed, advertised it for sale on the eighth day of February, 1896, and, unless restrained, will sell it to satisfy the judgment. The decree of the district court enjoined the defendants from seeking to enforce the judgment against the land dscribed.

That the land was a homestead, and not subject to sale to satisfy the judgment specified prior to the removal of the dwelling house therefrom, is not disputed, and the only question we are required to determine is stated by the appellants as follows: "Did the forty acres in controversy constitute the homestead of the appellee at the time of the levy?" To constitute a homestead under the law of this state, it is not sufficient that the homestead claimant is supported by the cultivation and use of the property claimed as a homestead. The actual occupation of the premises as a home for the owner and his family is required, excepting in a few cases, where a temporary absence from the home for authorized purposes will not affect its homestead character. *Davis v. Kelley,* 14 Iowa, 523; *Windle v. Brandt,* 55 Iowa, 221. "The homestead must embrace the house used as a home by the owner thereof, and if he has two or more houses thus used by him at different times and places, he may select which he will retain as his homestead." Code 1873, section 1994. A person may sell his homestead, and invest the proceeds in another which will be exempt from existing debts, and should be allowed a reasonable time in which to make the change; but a mere intent to erect

upon a lot or tract of land a house to be occupied as a home at some indefinite time is not sufficient to constitute a homestead, within the meaning of the statute. *Givans v. Dewey,* 47 Iowa, 414; *Christy v. Dyer,* 14 Iowa, 438; *Bank v. Hollingsworth,* 78 Iowa, 575; *Mann v. Corrington,* 93 Iowa, 108, and cases therein cited.

But we are required to consider in this case more particularly what constitutes an abandonment of a homestead. It is, of course, true that an actual removal from a homestead, with no intention to return to it, will operate as an abandonment. *Fyffe v. Beers,* 18 Iowa, 4; *Newman v. Franklin,* 69 Iowa, 244. And a removal with an intention not to return except upon a contingency which the person removing intends to avoid will constitute an abandonment. *Kimball v. Wilson,* 59 Iowa, 638. The same is true of a removal made without any definite and fixed purpose to return. *Cotton v. Hamil,* 58 Iowa, 594; *Perry v. Dillrance,* 86 Iowa, 424; *Blackurn v. Traffic Co.,* 90 Wis. 362, (63 N. W. Rep. 289); *Jarvis v. Moe,* 38 Wis. 440. But when a person removes from this homestead for a temporary cause, with the definite and settled purpose of returning to it, and that purpose is continuously held in good faith, there is no abandonment of the homestead right. The length of time he is absent from his homestead, although not necessarily conclusive, may be considered as tending to show his intent. *Dunton v. Woodbury,* 24 Iowa, 74. An absence from the homestead of several years, during which time it is rented to another does not necessarily operate as an abandonment of the homestead right. *Boot v. Brewster,* 75 Iowa, 631; *Zwick v. Johns,* 89 Iowa, 550; *Repenn v. Davis,* 72 Iowa, 548; *Ayers v. Grill,* 85 Iowa, 720; *Robinson v. Charleton,* 104 Iowa, 396; Waples Homestead, section 563. The homestead right, when once acquired, will be presumed to continue until it is shown to have been terminated.

*Boot v. Brewster, supra; Robinson v. Charleton, supra;* And the burden of showing that it is at an end is upon the party who assails it. In this case it appears that the land in controversy was a homestead until less than sixteen months before this action was commenced; but the removal by the plaintiff of his dwelling house from the land, and his occupation of it in its new location as a home, are *prima facie* evidence of abandonment, and the burden is on him to rebut the presumption which arises from those facts. *Newman v. Franklin,* 69 Iowa, 244; Waples Homestead, section 564. It is said that he has failed to meet that requirement, in that his petition does not explicitly allege an absolute and unqualified intention to return to and reoccupy as a homestead the land in controversy. The petition alleges that the removal was only temporary, and not with any intention of separating permanently the house from the land, and with no intention whatever of abandoning the homestead or the homestead rights. All this may be true, and yet the plaintiff may not now have any intention of replacing his house on the land, and there occupying it as a home for himself and his wife. The intent with which the house was removed is not controlling. If the plaintiff, when he removed it, did so for a temporary cause, and intended to replace it on the land, and resume his residence therein, but afterwards abandoned that intention, and now does not purpose to again make it his place of residence, his original intention has ceased to be effective, and there is an abandonment of the homestead right in the land. The plaintiff removed his house from the land because of the age, infirmities, and sickness of himself and his wife, for the purpose of having the care and assistance of their son. The sickness may be

temporary, but their increasing age and the infirmities incident thereto might well make the care and assistance of the son as necessary in the future as in the past. However that may be, it is clear, we think, that the petition fails to show that definite and fixed purpose on the part of the plaintiff to resume his residence on the land in controversy which is necessary to prevent his removal and absence therefrom, under the circumstances stated, having the effect of an abandonment.

It is claimed by the appellee that his dwelling house is exempt as a homestead, although he does not own the land upon which it is now situated. That may be true, but the defendants are not seeking to sell the house; and, if it be true that it is a homestead, that fact alone does not continue the homestead character of the land. To have that effect, the house should be on the land. Section 1995 of the Code of 1873 provided that a homestead might contain one or more lots or tracts of land if they were contiguous; but the petition does not make a case within the provisions of that section, and the case of *Reynolds v. Hull*, 36 Iowa, 394, does not support the claim which we understand the plaintiff to make, that the house, although separated from the land, may be regarded as so much a part of it as to continue the homestead character which once attached to it. We conclude that the demurrer should have been sustained, and the decree of the district court is therefore REVERSED.