MARY CHAMBERS v. JOHN JACKSON and CHRISTIAN TRUMP,
Appellants.

**Homesteads:** ABANDONMENT. Certain judgments rendered were not
liens upon realty owned by defendant because of its being a home-
stead. He left it to reside with his daughter without intending
to return, neither did he return. Within three days *after* leaving,
he deeded the said property to the daughter in consideration of
her agreement to furnish him a home and support for life. *Held*,
in the absence of a showing that the deed was in pursuance of an
agreement made before grantor left the realty, the homestead was
abandoned and the lien of the judgments attached before said
transfer by deed.

*Appeal from Lee District Court.*—HON. A. J. McCRARY,
Judge.

WEDNESDAY, MAY 25, 1898.

ACTION in equity to restrain the sale of certain real
estate on execution. There was a trial on issues joined, and
a decree for plaintiff. Defendants appeal.—*Reversed.*

*Watson & Weber* and *T. B. Snyder* for appellants.

*T. H. Johnson* for appellee.

WATERMAN, J.—One F. H. Brewer was the owner of
certain real estate in the city of Ft. Madison, in this state,
which he occupied with his wife as a homestead. On Febru-
ary 26, 1895, defendant Jackson recovered two judgments
against said Brewer and another in the district court of Lee
county for the sum of two hundred and thirty-six dollars and
eighty-six cents each, with costs. These judgments when
rendered, were not liens on the real estate in controversy. On
August 20, 1895, executions were issued on said judgments,

and levied on said real estate. Plaintiff then instituted this action, claiming that the property so levied upon was the homestead of Brewer, who was the father of plaintiff, and that she is the owner thereof by purchase.

The evidence discloses the following facts: Brewer was a man eighty-four years of age. His wife died in February, 1895, and he continued alone in the occupancy of his homestead until April 1st following. On that day he left his property, and went to reside with his daughter. On April 3d, father and daughter entered into a written agreement, by the terms of which the latter was to furnish her father with a home and support during the remainder of his life, and in consideration therefor was to receive a deed of the homestead property. Such a deed was executed and delivered on April 3d. The father testified that when he left the homestead on April 1st he had no intention of returning. He did not, in fact, return, but still resides with his daughter, so far as disclosed by the record. There is no evidence of any agreement between the father and daughter prior to the contract of April 3d, of which we have made mention. We are constrained to hold that the homestead was abandoned by Brewer on April 1st, that the lien of the judgments attached, and the decree of the trial court was erroneous in holding otherwise.—REVERSED.