B. F. CRAIL, Appellee, v. W. C. JONES et al., Appellants.

OCTOBER 16, 1928.

*Roberts & Roberts,* for appellants.

*Thoma & Thoma,* for appellee.

ALBERT, J.—This was a suit on a promissory note in amount of $5,000, dated April 23, 1923. As to the liability on the note, the defendant W. C. Jones made no defense, but defaulted, and the trial of the case arose over a motion made to dissolve the attachment. Iowa Miller Jones, wife of W. C. Jones, intervened, claiming a homestead right in the attached property. A jury was waived, and, on submission of the matter to the court at the trial, the court overruled the motion to dissolve the attachment and entered judgment against the property for the amount due on the original indebtedness.

This case being a law action, and having been submitted to the court, after waiving a jury, under our rule the decision of the court has the force and effect of a verdict of a jury, and we are bound by the same, unless the record is wholly wanting in evidence to support the finding of the court. We turn, therefore, to the record, to determine this question.

At and prior to 1916, W. C. Jones and his family, consisting of a wife and three daughters, resided on a 165-acre farm in Keokuk County. In the fall of that year, Jones, with

his family, moved to Fairfield, Iowa, where they rented a house which they occupied for about two years. During the intermediate time, Mrs. Jones died. At the end of that time, they moved to another rented house, which they occupied for about two years, then moved to another residence, which they occupied about a year, at the expiration of which time the property was purchased on which the attachment in this case is levied. In other words, after leaving the Keokuk County farm, they lived in the town of Fairfield for about five years before this property was purchased. In the meantime, two of the daughters were married, and the defendant W. C. Jones married his present wife, the intervener, Iowa Miller Jones. In 1917, defendant contracted to sell the Keokuk County farm at a price of $32,000, possession being given March 1, 1918. Five hundred dollars was paid down on the purchase price, $11,500 was due and paid March 1, 1918, and a mortgage was taken back for the balance, $20,000, under which $10,000 was due March 1, 1920, and $10,000 March 1, 1922. The town property in controversy herein was purchased by defendant on February 18, 1921, from A. W. Blakewell, for $5,100, $1,100 being paid by check on March 3, 1921, and the balance, $4,000, was payable March 1, 1922. Some further facts may be recited as the case progresses.

No one disputes the fact that, at one time, W. C. Jones had a homestead right in the Keokuk County farm, and that the indebtedness sued on here postdates said homestead right, nor does anyone dispute the fact that, after Jones purchased the property in Fairfield, he and his wife used and occupied the same as a homestead, and that the indebtedness sued on herein antedated the purchase and occupancy of this town property.

The contention of the appellee below was, and here is, that W. C. Jones abandoned all homestead rights in the Keokuk County farm long prior to the time the town property was acquired as a homestead. The appellant's contention is that Jones had a homestead right in the Keokuk County farm, and that, when he moved therefrom to Fairfield, he had an intention to sell said Keokuk County farm and reinvest a part of the proceeds thereof in the homestead property in the city of Fairfield. It is apparent, therefore, that the questions to be

considered are, first, as to appellee's contention of abandonment of the homestead rights in the Keokuk County farm; and second, the contention of the appellants, roughly stated, that Jones, having occupied certain property as a homestead, had a right to sell the same and reinvest the proceeds, or a part thereof, in another homestead, and that by so doing he did not subject the second homestead to liability for a debt created prior to the purchase and occupancy of the second homestead.

Appellants insist that there is no question of abandonment of homestead rights involved in this case. With this contention we cannot agree. The district court held, in effect, and  the evidence in the case tends to support a finding, that, when Jones and his family moved from the Keokuk County farm, he had no intention whatever of returning to and occupying the same, but that his intention, and in fact the intention of the family, was to make the city of Fairfield their permanent residence. We have held that, where actual occupancy of a homestead ceases, a presumption of abandonment arises. *Vittengl v. Vittengl*, 156 Iowa 41; *Shaffer v. Miller*, 195 Iowa 891; *Fardal v. Satre*, 200 Iowa 1109. And under such condition, the burden is on the one claiming the homestead exemption right to show and defend a fixed purpose to return, in order to preserve such exemption right. See cases cited above, and *Conway v. Nichols*, 106 Iowa 358; *Evans v. Evans*, 202 Iowa 493.

One thus removing from property must, in order to preserve the homestead exemption right have a fixed, specific, and abiding intent on his part to return, and when such intent ceases, the abandonment becomes complete. *Kimball v. Wilson*, 59 Iowa 638; *Maguire v. Hanson*, 105 Iowa 215; *Vittengl v. Vittengl*, supra.

Stated in another way, the actual removal from a homestead with no intention to return to it as a home is an equivalent to a surrender of all claim of homestead to the premises, and constitutes an abandonment of such right. *Cotton v. Hamil & Co.*, 58 Iowa 594; *Maguire v. Hanson*, supra; *Chambers v. Jackson*, 106 Iowa 6; *Anderson v. Blakesly*, 155 Iowa 430.

Under the evidence in this case, the very material fact is undisputed that these people did leave the Keokuk County farm and made their residence in the city of Fairfield. As above

stated, the consensus of the family opinion seems to have been that there was no intention to return to the farm, to occupy it further as a homestead. This situation of the evidence, in the ordinary course, would undoubtedly make a jury question, and the verdict of the jury would be binding on us. Equally so, when a jury is waived and the case submitted to the court, the finding of the court in this respect is binding on us. ·

But in spite of this, appellants insist that Jones had the right to sell and dispose of one homestead and reinvest the proceeds in another homestead without making the second homestead subject to antecedent debts. With this statement no one would disagree.

Appellants further insist that, when Jones moved from the Keokuk County farm, he had a homestead right therein, and that he expected to sell the farm, and from the proceeds thereof acquire another homestead.

Where a party claims that a present homestead was procured with the proceeds of a prior homestead, the burden of proof in establishing this claim is upon him. *First Nat. Bank v. Baker,* 57 Iowa 197; *Paine v. Means,* 65 Iowa 547; *First Nat. Bank v. Thompson,* 72 Iowa 417.

Where a party sells a homestead with intent to purchase another homestead, he will be allowed a reasonable time within which to exercise that right. *Benham v. Chamberlain & Co.,* 39 Iowa 358; *Robinson v. Charleton,* 104 Iowa 296.

In the instant case, five years intervened between the sale of the Keokuk County farm and the purchase of the property in Fairfield. Whether or not this should be held to be within a reasonable time, we do not stop to consider, because there is another phase of the matter that we deem controlling. The doctrine contended for by appellants is bottomed on the proposition that Jones had a homestead which he sold, and reinvested the proceeds thereof in another homestead. In other words, the proceeds with which he purchased the town property were the proceeds of a prior existing homestead. It is at this point that appellee's contention becomes important. If, as a matter of fact, Jones abandoned all homestead rights in the Keokuk County farm before he sold the same, then the money he received therefor cannot be said to be the proceeds of a homestead. It being found that the district court was warranted in

holding that the homestead rights in the Keokuk County farm were abandoned in 1916, it necessarily follows that Jones then had no homestead or homestead rights from which he could acquire proceeds to reinvest in another homestead. Section 10154, Code of 1927. We conclude, therefore, under the record, that there was sufficient evidence to warrant the district court in the conclusion reached.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.