## DELAVAN *et al.* v. PRATT *et al.*

1. **Homestead: JUDGMENT LIEN.** It is not sufficient to make a judgment a lien upon a homestead (otherwise than as a mechanic's lien) to show that it was for materials furnished and labor performed on the homestead property. It is essential to show that the liability arose before it was occupied as a homestead.

2. —— **EVIDENCE ALIUNDE.** As between judgment creditors and third persons, it is not competent for the judgment creditor to extend the lien of his judgment by proof *aliunde*, but as between the parties to the judgment and their heirs the rule admits of such proof.

3. —— **JUDGMENT AGAINST.** A judgment defendant who is a surety for his co-defendant, has such an interest against such co-defendant that he may show that property of his principal is subject to the payment of the debt.

### *Appeal from Jones District Court.*

### TUESDAY, JANUARY 9.

THIS is an action in equity, brought by the plaintiffs, Lucretia S. Delavan, who is the widow, and the other plaintiffs, who are the adult children and heirs of George E. Delavan, deceased, against the minor children of said Delavan, deceased, and Addison W. Pratt and Jones & Shepherd, as judgment creditors of the said Delavan, deceased.

The petition alleges that George E. Delavan, in his lifetime, was the owner of a certain described five acres of land; that he acquired title thereto by conveyance from the defendant, A. W. Pratt, bearing date October 10th, 1857. The petition then avers that said premises were used and occupied by the said George E. Delavan and his wife Lucretia, in his lifetime, and up to his death, as a homestead, and had been so occupied by his widow and children, in whom the title was vested, since his death.

It is then stated that the defendant, Pratt, recovered judgment against said George E. Delavan on the 24th day of December, 1863, for two hundred and ninety-two dollars

Delavan v. Pratt.

and twenty-eight cents, besides interest and costs, which is a specific lien upon the whole of said premises. That on the 13th day of December, 1860, the defendants, Jones & Shepherd, recovered judgment against the said George E. Delevan, for nine hundred and eighty-nine dollars and twenty-five cents, besides interest and costs. That the debt, for which this judgment was recovered, was not contracted prior to the passage of the homestead law, nor prior to the purchase of the homestead, nor was it created by written contract, stipulating that the homestead was liable therefor: that said judgment is not a lien upon said property.

The petition contained, *inter alia*, a prayer that said judgment of Jones & Shepherd be declared no lien, and for a partition or sale of the premises, &c.

The defendant Pratt answered, admitting the death of Delavan, the heirship of plaintiffs and minor defendant, the purchase and occupation of the premises as stated. But he denies the occupation by the widow and heirs since Delavan's death, and avers that they have abandoned it as a homestead, and that it is subject to the lien of the Jones and Shepherd judgment, which was recovered against said Delavan and the defendant Pratt, who was surety only. The defendant Pratt then denies that the debt for which said judgment was rendered, was not contracted prior to the purchase of said property as a homestead, or its acquisition, or that the same is not a lien thereon, but he avers that the said debt was contracted prior thereto, and that the same is a lien thereon, and that the interest of said widow and heirs, if any, is subject thereto." That said judgment was recovered "for the erection of the walls of a large dwelling, built of brick on said premises," and that the principal part of the value of said premises consists in the dwelling, for the erection of which said note was given. That the estate is wholly insolvent.

To this answer the plaintiff demurred, because, 1st. The facts do not show any forfeiture of the homestead rights by the widow and children; 2d. The facts do not show said judgment to have been, ever or now, a lien upon the property; and 3d. The facts do not show that Pratt has any interest in said judgment. This demurrer was overruled by the court, and plaintiffs appeal.

*W. G. Hammond* for the appellants.

*C. R. Scott and F. S. & John McKean* for the appellee.

COLE, J. — I. It is nowhere stated in the pleadings at what time the decedent, George E. Delavan, commenced the occupation of the premises as a homestead; nor that they were not so occupied at the time of the erection of the brick house by Jones and Shepherd; nor is there any fact stated, whereby the judgment in favor of Pratt, which was rendered three years after the judgment in favor of Jones and Shepherd, is a lien upon the homestead, while the latter is not.

Upon the ground of demurrer, as to the forfeiture of the homestead right by the widow and children, on account of their abandonment of it, we need only remark, that the disposition made of the other points in the case renders it unnecessary to enter upon the protracted discussion and extended extracts from the statutes requisite to a satisfactory exposition of our views. The merits of the real matters in controversy are sufficiently determined in the points following.

II. The second ground of demurrer is, that the facts stated in the answer do not show that the judgment of Jones and Shepherd is, or ever has been, a lien upon said property.

1. HOMESTEAD: judgment lien.

It is averred, in the answer, that the debt upon which the judgment was recovered was contracted for the erection of the wall of a large building, built of brick, on said premises. But it is not averred that said premises were not *then* occupied *as* a homestead; nor is the mere fact that a brick dwelling was being erected, necessarily inconsistent with its then occupancy as a homestead. The answer lacks this averment, which is essential to bring it within the rule laid down by a majority of this court in the case of *Hale* v. *Heaslip et al.*, 16 Iowa, 451, and in the case following it, by same majority, of *Page* v. *Ewbank*, 18 Iowa, 580. The fact that the judgment was for work and materials upon the homestead would not make it liable to sale therefor, except as for a mechanic's lien, enforced as such, in the manner provided by statute.

But the answer "denies that the debt for which the judgment was rendered was not contracted prior to the purchase of said property as a homestead, or its acquisition." This denial is objected to as not sufficient, since it is but a traverse of a negative averment. Technically, this objection may have some basis, but whether or not it is *really* well founded we need not now determine, for immediately following this denial it is averred, "that the said debt was contracted prior thereto."

It is urged in argument, however, that since the judgment does not upon its face, or by the pleadings and

2. —— evidence *aliunde.* record connected with the cause wherein it was rendered, show that it is a lien upon the homestead, that it is not competent to show that fact *aliunde*, and hence not competent to plead it. It may be true, that as between the judgment creditor and third persons acquiring an interest in ignorance of such fact, it would not be competent for the judgment creditor to extend the lien of his judgment by proof of the fact, *aliunde*. *Redfield* v. *Hart*, 12 Iowa, 355 ; *Christy* v. *Dyer*, 14 Iowa, 438. But

as between the parties to the judgment and their heirs, the rule is certainly different, and it is competent for the judgment creditor to show that his judgment attaches as a lien, although it may not so appear by the record. *Christy* v. *Dyer, supra ; Patterson* v. *Linder,* 14 Iowa, 414.

This holding does not conflict, nor in the least infringe upon the rule that a judgment is conclusive between the parties. It only authorizes the inquiry, as to the right of the parties under the judgment, and according to its full force and effect.

III. The third and last ground of demurrer is, that the facts do not show the defendant, Pratt, has now or ever had any interest in said judgment.

3. — judgment against.

The answer shows affirmatively that the judgment was rendered against Delavan and Pratt, and that Pratt was only the surety for Delavan. In such case the property of the principal is primarily liable. Revision, §§ 3258, 3259. The surety, in such cases, has such an interest in the subject matter as entitles him to be heard, and to show the property of the principal and to hold the same subject to the judgment, so as to exempt his own property.

The answer is very inartificially drawn, and is an improper commingling of denials and averments. These objections to it, however, must be taken advantage of by motion, and cannot be reached by demurrer. Since the answer contains some matters of defense sufficiently pleaded, as herein shown, the court did not err in overruling the demurrer, and the judgment of the District Court is

Affirmed.