PHELPS v. FINN.

1. **Redemption**: JUNIOR LIEN: EVIDENCE. P. recovered a judgment against Q. for the purchase money of the latter's homestead, and purchased the property at execution sale for less than the amount of his debt. F. also recovered judgment against Q. after the date of P.'s judgment upon a claim alleged to antedate the purchase of the homestead: *Held*,

    1. That F. could show *aliunde* that the debt was contracted before the acquisition of the homestead.

    2. That he was entitled to redeem from P.'s purchase upon payment of the amount of his bid.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, MARCH 22.

THIS is an action in equity to set aside a sheriff's deed for lot 4 in block 15, in the town of Decorah, to the defendant, John Finn, and for a decree directing the sheriff to execute a deed for said premises to the plaintiff.

The parties agreed that certain portions of the pleadings were true, and submitted the case upon the petition, answer, reply and their stipulation. The court dismissed plaintiff's petition, and rendered judgment against him for costs. Plaintiff appeals.

*Adams & Bullis*, for appellant.

*E. E. Cooley*, for appellees.

DAY, CH. J.—The facts collated from the stipulation of the parties are as follows: On the 16th day of October, 1873, the plaintiff recovered a judgment against the defendant, Peter Quinn, for the sum of $273.80, for the purchase money of lot 4, in block 15, in Decorah, and a decree that the same be sold under said judgment. On the 22d day of December, 1874, a special execution issued for the sale of said premises, and, on the 23d day of January, 1875, the same were sold to the plaintiff for the sum of $100, and a certificate of purchase was duly

executed and delivered therefor. The balance of the judgment in favor of plaintiff remains unpaid. The premises in question have been occupied and used as the homestead of the defendants, Peter and Mary Quinn, without interruption, since the 14th day of September, 1871. In March, 1870, when Peter and Mary Quinn had no homestead whatever, the defendant Finn loaned Quinn the sum of $50. On the 26th day of December, 1874, Finn commenced an action against Quinn, before a justice of the peace, to recover the money loaned, with interest, and on the 31st day of December Finn recovered judgment in said action for the sum of $59 and costs. A transcript of this judgment was, on the day of its recovery, docketed in the office of the clerk of the Circuit Court of Winneshiek county. On the 22d day of October, 1875, and within nine months of the date of the sale on execution to plaintiff, Finn paid the sum of $107.50 into the office of the clerk of the District Court, in redemption from said sale, and filed his affidavit stating the amount unpaid and due on his own claim. No redemption of the premises from Finn was made by any one. In pursuance of said sale on execution and of Finn's redemption, the defendant, Wolmeldorf, as sheriff, on the 1st day of February, 1876, executed to Finn a deed for said premises. The said judgment recovered by Finn does not show that it was rendered upon an indebtedness contracted before the acquisition of the homestead by Quinn, and plaintiff had no notice, actual or constructive, prior to the commencement of this suit, that said judgment was rendered upon a debt so contracted. At no time prior to the commencement of this suit did Finn attest the *bona fides* of the antecedent character claimed for his judgment debt by proceedings in court, or by affidavit, or in any other manner.

Two questions are presented for our consideration: First, had Finn a right to redeem. Second, if Finn had a right to redeem can the plaintiff now redeem from him.

I. Section 3103 of the Code provides that any creditor of the defendant, whose demand is a lien upon the real estate 1. REDEMP-TION: junior lien: evidence. sold, may redeem the same at any time within nine months from the day of sale. 'If the property

in controversy were not the homestead of the debtor there could be no question of the right of redemption. Section 1992 of the Code provides that the homestead may be sold for debts contracted prior to the purchase thereof. It is conceded that the indebtedness upon which Finn recovered his judgment was contracted before Quinn purchased the homestead in question, but it is claimed that the judgment did not become a lien upon the homestead, and did not entitle Finn to redeem, because the judgment and the record connected with it do not show that the debt upon which the judgment was rendered was contracted before the acquisition of the homestead; and it is insisted that it is not competent for Finn to prove *aliunde*, as against plaintiff, that the debt was in fact so contracted. It is conceded that, as against the judgment debtor and his heirs, such proof would be admissible. *Delavan v. Pratt*, 19 Iowa, 429. But it is insisted that the execution purchaser occupies a higher plane, and that, as to him, a party cannot extend the lien of his judgment by proof *aliunde*; this view we believe to be unsound, and the position untenable.

It may be admitted, and, perhaps should be admitted, as was suggested in *Delavan v. Pratt*, 19 Iowa, 432, that, as between the judgment creditor and third persons acquiring an interest in ignorance of the facts, such proof would not be competent. But this principle can apply only to persons whose rights would be prejudicially affected by such proof, and who have an equitable right to protection. The plaintiff is not in that position; he made his bid upon the property with full knowledge that other lien creditors would have the right to redeem from him by paying the amount of his bid and interest. If he bid the full value of the property, he is not prejudiced and has no right to complain that he has been re-paid this amount with interest. If, upon the other hand, he bid less than the value of the property, believing that there was no lien creditor to redeem, and that he would, if the property was not redeemed by the judgment debtor, get it for much less than its value, and still have the greater part of his debt unsatisfied, he ought not to be heard to complain that he has lost this advantage. The plaintiff is now seeking relief in

a court of equity, and he ought not to be permitted to show that his bid was much less than the value of the property, and that his rights will be prejudiced if he is not now permitted to bid more. In *Hale v. Heaslip*, 16 Iowa, 451, it is said: "As against antecedent debts, or debts created for the purchase money, the homestead exemption does not apply, and judgments founded upon such debts would be held to be liens upon the property, certainly as against persons chargeable with notice of the character of the debt."

We are clearly of opinion that plaintiff is not entitled to protection against such lien, and that Finn had the right to redeem from the execution sale.

II.　In the event of its being determined that Finn had the right to redeem, plaintiff asks that he now be permitted to redeem from Finn. Without determining whether, in any event, the plaintiff, who is the senior lien holder, after fixing his valuation upon the property and bidding that amount, could redeem from a junior creditor who had redeemed from him, it is clear that this right could not be exercised after the expiration of a year from the time of sale. Code, Sections 3102, 3103, 3111, 3116. The judgment is

AFFIRMED.