O. B. AYRES, Appellant, v. JOHANNA GRILL *et al.*, Appellees.

Homestead : ABANDONMENT: JUDGMENT: LIEN.

*Appeal from Clinton District Court.*—HON. C. M. WATERMAN, Judge.

THURSDAY, JANUARY 28, 1892.

THIS is a petition in equity to quiet the title of the plaintiff to fifteen acres of land. There was a hearing upon the merits, and a decree for the defendants. The plaintiff appeals.—*Reversed.*

*A. R. McCoy,* for appellant.

*P. B. Wolf,* for appellees.

ROTHROCK, J.—The plaintiff claims title to the land by virtue of a deed of conveyance from Petrina Momsen and John Momsen, her husband, made and delivered on the twenty-fifth day of March, 1882. Momsen and his wife commenced to occupy the land as a homestead in the month of February, 1870, and continued to occupy it as a homestead until August, 1880, when they changed their residence to Marion county. The evidence shows that the occupancy of the homestead was not continuous. There was a period when it was unoccupied, and Momsen and his wife occupied a dwelling house in the city of De Witt, a few miles distant from the land in controversy. There is a conflict in the evidence as to the time the said parties resided in De Witt, and whether the homestead right to the land in controversy was abandoned by reason of the said residence in De Witt. The preponderance of the evidence shows that said residence was for about six months. It appears that Momsen bought the house in which he lived in De Witt. This is a strong circumstance tending to show an abandonment of the homestead on the land. But he made no payment on the home he purchased, and the evidence shows by a clear preponderance that he did not intend to abandon his homestead. The defendants claim title to the land by a certificate of a sheriff's sale made upon a judgment upon a promissory note against John Momsen. The note was executed, and the obligation for which it was given was contracted, after the homestead right attached. The judgment was not a lien on the homestead unless it was abandoned. There is no evidence that there was any abandonment by the removal to Marion county, and it appears to us that the conveyance made to the plaintiff conferred a good title as against any claim of the defendants.

There are other questions presented by the record which are not important to consider. They involve a conveyance of the land from Momsen to his wife through a trustee, and the fact that the execution was not issued on the judgment under which the defendants claim until

after the conveyance of the land to the plaimtiff. We place our decision of the case upon the ground that the land in controversy was a homestead; that it was not at any time abandoned; and that the debt of Momsen, which was put in judgment, could not be made a lien on the homestead, because it was contracted after the homestead right was acquired.

The decree of the district court will be REVERSED.