JENS O. CHRISTENSEN, Appellee, v. PETER P. ESBECK and ANNA M. ESBECK, Appellants.

Justices of the peace: JURISDICTION: AMOUNT: CONSENT: RECORD.
1   Where it was in fact shown that the parties to a note consented to the jurisdiction of a justice of the peace to an amount exceeding $100, but less than $300, a judgment of the justice for more than $100, in favor of plaintiff, on the note was valid, although he made no record in his docket of the fact of consent.

**Same:**  CONSENT TO JURISDICTION:  PAROL EVIDENCE.  In a proceeding to establish the lien of a judgment based upon a promissory note, it appearing that the original papers were lost, it was competent to show the provisions of the note by parol, and that it provided for jurisdiction of a justice by consent of the parties in excess of $100.

**Same:**  JURISDICTION:  PLACE OF PERFORMANCE.  Where a note of which a justice of the peace has jurisdiction was made payable at a certain place it was suable before any justice of the township in which the place of payment was situated.

**Same:**  ORIGINAL NOTICE:  SERVICE:  PAROL EVIDENCE.  Even though the record of a justice shows due and legal service of an original notice in the action, if not in fact true, the judgment entered would be void; and that no service was in fact made can be shown by parol.  Where an original notice and return of service thereon is shown to have been lost the fact of service may also be shown by parol.

**Same:**  SERVICE OF ORIGINAL NOTICE:  PRESUMPTION:  EVIDENCE.  Where the record of a justice shows the service and return of an original notice by sufficient recital, a presumption arises that the judgment in the action was based upon proper notice; and this presumption can only be overcome by positive proof.  Evidence held insufficient to overcome the presumption of service arising from the record.

**Same:**  RETURN OF SERVICE:  PRESUMPTION:  PROOF.  The return of service of an original notice served by a constable outside of his county must be sworn to; and a recital in the record of a justice that there was due service of the notice raises a presumption in favor of the regularity of the service which will prevail, although not reciting that the return was sworn to, in the absence of evidence to the contrary.

**Homesteads:**  LIABILITY FOR ANTECEDENT DEBTS.  A homestead is liable for debts antedating its purchase; and in determining its liability reference must be had to the date of the indebtedness and not to the date of a judgment based thereon.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, OCTOBER 20, 1914.

PROCEEDING to establish the lien of a judgment against real estate.  Defenses, that the judgment was void and the real

estate exempt as a homestead. From a decree in favor of plaintiff, defendants appeal.—*Affirmed.*

*W. H. Killpack* and *J. J. Stewart,* for appellants.

*Mants & White,* and *Kimball & Peterson,* for appellee.

WITHROW, J.—I. Proceeding was brought in the district court of Pottawattamie county to subject the homestead of defendants to the lien of a judgment held by plaintiff, secured by him in justice's court of Leroy township, in Audubon county, in August, 1896. A transcript of the judgment was, in September of that year, filed in the office of the clerk of the district court of that county, and, under the statute, was entered as a judgment in that court. It is alleged that the judgment was based on a promissory note for $240, by its terms payable in Audubon county; and further that the property sought in this proceeding to be subjected to the judgment was acquired by the defendants subsequent to the time when the obligation upon which plaintiff's judgment was based was created. The amount of the judgment as originally entered was $290.20, with costs.

The defendants, husband and wife, say that at the time of the commencement of the action in justice's court, they were, and are now, residents of Pottawattamie county. They pleaded that the real estate now attacked was their homestead long prior to the rendition of the judgment which is the basis of this suit, and has continuously been so occupied by them. They deny that any judgment was entered against them by said justice of the peace, or that the transcript of any judgment was filed. They deny that any notice of the pendency of that suit was served upon them. In a cross-petition the averments of the answer are substantially repeated; that the alleged judgment against them was invalid, being in excess of the jurisdiction of the justice of the peace; and that it was void. They further plead that the record of the justice is

silent as to necessary statements, there being no record showing that he had jurisdiction either of the parties or of the subject-matter. Affirmative relief is asked. The district court found against the contention of the defendants, holding that the proof showed the judgment to have been regularly entered; that notice was served and returned in such manner, as to give jurisdiction to the court; and that the suit was based on a written contract, payable in Audubon, Audubon county, and that it provided for jurisdiction by the justice of the peace. The cross-petition was dismissed, the temporary injunction restraining the enforcement of the judgment was dissolved, and the property was held to be subject to the lien of the judgment. The defendants appeal.

II. The transcript of the judgment entered by the justice of the peace was properly entitled, reciting the nature and amount of plaintiff's claim, the issuance of the original notice returnable at a day and hour fixed, which notice was delivered to the constable for service, who later returned it with his return thereon, showing that he served it on the defendants in the manner required by law, in Council Bluffs, Pottawattamie county. The record further shows failure to appear by defendants, and the entry of a default and judgment against them. It is claimed by the appellants that the jurisdictional facts do not appear of record, and that the judgment is void.

Directly stated, the claim of appellants as to this branch of the case is that the record must show that he had jurisdiction as to the amount for which he entered judgment, which was in excess of $100. In point, and controlling as to this branch of the case, is *Schlisman v. Webber*, 65 Iowa, 114, in which this court held that, if consent to jurisdiction existed and was shown as a fact, the court had jurisdiction, and the judgment would be valid even though no record of the fact was made.

1. JUSTICES OF THE PEACE: jurisdiction: amount: consent: record.

On the trial of this case in the district court, the original papers having been shown to be lost, parol evidence was

admitted to prove the provision of the note which was the basis of the original suit. Under a proper showing of the lost instrument, as was made in this case, such proof was competent. That proof showed that the note was payable at Audubon, Iowa, and that it provided for jurisdiction under $300. It came within the requirements of Code, section 4477, and, in fact, conferred jurisdiction of the subject-matter upon the justice court.

2. SAME: consent to jurisdiction: parol evidence.

The proof as to the place of payment (Audubon) also gave jurisdiction to the justice where the action was brought, upon proof of proper service, it being shown that Audubon is situated in Leroy township, the contract by its terms being suable at that place. Code, section 3496; *Thompson v. Thompson,* 117 Iowa, 68. The transcript filed by the justice of the peace and the judgment upon which it was based were sufficiently broad, containing, as we have noted, all matters required by Code, section 4484, to be included in the docket entries of the justice.

3. SAME: jurisdiction: place of performance.

III. It is claimed that no notice of the pendency of the action was, in fact, served upon the defendants, and that the docket entry to that effect is untrue. If not true, the recitation of the fact of service and return of notice would not be conclusive nor controlling, and the judgment would be void.. *Gerrish v. Seaton,* 73 Iowa, 15, and parol evidence would be admissible to show the fact of want of jurisdiction, even though the record recited due and legal service. *Newcomb v. Dewey,* 27 Iowa, 381.

4. SAME: original notice: service: parol evidence.

When such issue is raised, and it is shown that the original notice, with the officer's return, is lost, parol evidence is admissible to prove the fact of service and return. *Bridges v. Arnold,* 37 Iowa, 223. Under the issues the case was open to proof upon that point.

Both of the defendants testified that the officer, John Norris, called at their home in Council Bluffs to see about the

collection of the note, but say that he served no papers on
them. Norris, the constable, whose testimony

5. SAME: service
    of original
    notice: pre-
    sumption:
    evidence.

was taken by deposition, testified that he
served the original notice on both defendants
in August, 1896, by reading the same to them,
and by delivering copy, and that he went to Council Bluffs
especially for that purpose. He also testified that he made his
return on the back of the notice, and returned it to court.
He also testified over objection that it was his custom always
to verify the service when made outside of Audubon county.

The record of the justice contained a sufficient recital of
the return and service of notice by the constable. Under such
facts a presumption arises in favor of the judgment as to mat-
ters being based upon proper service of notice. 23 Cyc. 1082;
Code, section 4648. The recitation of service gives to the judg-
ment in that respect the strength which is had by a judgment
of a court of general or superior jurisdiction, to which the
presumption of regularity arises, and which can only be over-
come by positive proof. 23 Cyc. 1078. The trial court found
that the original notice had been served. We think under
the record that finding had ample support.

IV. Giving to the record of the inferior court the pre-
sumption to which it is entitled, we must also

6. SAME: return
    of service:
    presumption:
    proof.

conclude that the claim that it is not shown
that the return of service was sworn to can-
not be upheld.

The service was made outside the county by the constable,
and his return required verification. He gives it as his belief
that he so did. That fact, however, is not required to be stated
in the docket of the justice, and its recitation of due return
of service is all that is required by statute. There is no proof
that it was not properly returned, and the presumption which
attaches to the record made by the justice must prevail.

V. The note which was the basis of the judgment was
dated March 1, 1904. The purchase of the real estate by the

appellants was July 14, 1905, and from that time they occu-
pied it as their homestead. The judgment on
the note was entered September 7, 1896. The
property was, under Code, section 2976, liable
for debts antedating its purchase. The indebtedness in this
case does not rest upon the judgment, but upon the note, of
which indebtedness it was the evidence, and, the judgment
being valid, the exemption would not apply.

7. Homesteads: liability for antecedent debts.

The decree of the trial court was correct, and it is— *Affirmed.*

Ladd, C. J., and Deemer and Gaynor, JJ., concur.